Andrew J. Sokolowski (SBN 226685)
Andrew.Sokolowski@capstonelawyers.com
Jennifer Bagosy (SBN 223145)
Jennifer.Bagosy@capstonelawyers.com
Suzy E. Lee (SBN 271120)
Suzy.Lee@capstonelawyers.com
Capstone Law APC
1875 Century Park East, Suite 1000
Los Angeles, California 90067
Telephone:     (310) 556-4811
Facsimile:     (310) 943-0396

Attorneys for Plaintiff Kureen Cook

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KUREEN COOK, individually, and on behalf of other members of the general public similarly situated,<br><br>        Plaintiff,<br><br>    vs.<br><br>RENT-A-CENTER, INC., a Delaware corporation; RENT-A-CENTER WEST, INC., a Delaware corporation; RENT-A-CENTER FRANCHISING INTERNATIONAL, INC., a Texas corporation; and DOES 1 through 10, inclusive,<br><br>        Defendants. | Case No.:<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>(1) Violation of the Fair Labor Standards Act (29 U.S.C. §§ 201, *et seq.*);<br>(2) Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime);<br>(3) Violation of California Labor Code §§ 1182.12, 1194, 1197, 1197.1, and 1198 (Unpaid Minimum Wages);<br>(4) Violation of California Labor Code §§ 226.7, 512(a), and 1198 (Failure to Provide Meal Periods);<br>(5) Violation of California Labor Code §§ 226.7 and 1198 (Failure to Provide Rest Periods);<br>(6) Violation of California Labor Code §§ 226(a), 1174(d) and 1198 (Non-Compliant Wage Statements and Failure to Maintain Records);<br>(7) Violation of California Labor Code §§ 201 and 202 (Wages Not Timely Paid Upon Termination);<br>(8) Violation of California Labor Code § 1198 and California Code of Regulations Title 8, Section 11070 Subdivision 4(C) (Failure to Compensate for Split-Shifts);<br>(9) Violation of California Labor Code § 2802 (Unreimbursed Business Expenses);<br>(10)    Violation of California Business & Professions Code §§ 17200, *et seq.* (Unlawful Business Practices); and |

(11)     Violation of California Business & Professions Code §§ 17200, *et seq.* (Unfair Business Practices).

**Jury Trial Demanded**

Plaintiff KUREEN COOK ("Plaintiff"), individually, and on behalf of all other members of the public similarly situated, alleges as follows against Defendants RENT-A-CENTER, INC., RENT-A-CENTER WEST, INC., and RENT-A-CENTER FRANCHISING INTERNATIONAL, INC. (collectively "Defendants," "Rent-A-Center," or "RAC"):

**JURISDICTION AND VENUE**

1.      This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. This Court has supplemental jurisdiction for all claims asserted under the California Labor Code, in that the claims under California state law are part of the same case and controversy as the FLSA claims, the state and federal claims derive from a common nucleus of operative facts, the state claims will not substantially dominate over the FLSA claims, and exercising supplemental jurisdiction would be in the interests of judicial economy, convenience, fairness and comity.

2.      Independently, this Court has original jurisdiction for the California state law claims pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332, in that the estimated damages involved in these claims will exceed $5,000,000 and the parties to this action are residents of different states.

3.      The United States District Court for the Eastern District of California has personal jurisdiction because Defendants conduct business within this district.

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) in that Defendants were subject to personal jurisdiction in this district at the time action was commenced and, pursuant to 28 U.S.C. §§ 1391(b)–(c), because a substantial part of the events or omissions giving rise to the claims asserted herein occurred and had their primary effect in this judicial district.

5.      The FLSA authorizes Court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claims is based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

## THE PARTIES

6.      Plaintiff KUREEN COOK is a resident of Sacramento, California. Defendants jointly employed Plaintiff as an hourly-paid, non-exempt Customer Accounts Representative and Accounts Manager from about July 2013 to April 2016. During his employment, Plaintiff worked at Defendants' Clovis, California, Fresno, California, and Sacramento, California store locations, in addition to working at Defendants' Las Vegas, Nevada, store location. Plaintiff typically worked approximately 8 to 10 hours or more per day, 5 days per week, and 40 to 45 or more hours per week. Plaintiff earned approximately $15.14 per hour when his employment ended.  In addition, Plaintiff was paid non-discretionary incentive pay during his employment for collecting on Defendants' delinquent customer accounts. Plaintiff's job duties as a Customer Accounts Representative included opening and closing the store, collecting payments and repossessing merchandise, building furniture for the showroom floor, selling merchandise, and attending to customers.

7.      Defendant RENT-A-CENTER, INC., is, on information and belief, a Delaware corporation doing business in California, with its principal place of business in Plano, Texas, and at all times hereinafter mentioned, an employer whose employees are engaged throughout this county, the State of California, and/or the various states of the United States of America.

8.      Defendant RENT-A-CENTER WEST, INC., is, on information and belief, a Delaware corporation doing business in California, with its principal place of business in Plano, Texas, and at all times hereinafter mentioned, an employer whose employees are engaged throughout this county, the State of California, and/or the various states of the United States of America.

9.      Defendant RENT-A-CENTER FRANCHISING INTERNATIONAL, INC., is, on information and belief, a Texas corporation doing business in California, with its principal place of business in Plano, Texas, and at all times hereinafter mentioned, an employer whose employees are engaged throughout this county, the State of California, and/or the various states of the United States of America.

10.      Plaintiff is unaware of the true names or capacities of the Defendants sued

herein under the fictitious names DOES 1 through 10 but will seek leave of this Court to amend the Complaint and serve such fictitiously named Defendants once their names and capacities become known.

11. Plaintiff is informed and believe, and thereon allege, that DOES 1 through 10 are the partners, agents, owners, shareholders, managers or employees of RENT-A-CENTER, INC., RENT-A-CENTER WEST, INC., and RENT-A-CENTER FRANCHISING INTERNATIONAL, INC. at all relevant times.

12. Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein was performed by, or is attributable to, RENT-A-CENTER, INC., RENT-A-CENTER WEST, INC., RENT-A-CENTER FRANCHISING INTERNATIONAL, INC., and/or DOES 1 through 10 (collectively "Defendants"), each acting as the agent, employee, alter ego, and/or joint venturer of, or working in concert with, each of the other co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity with legal authority to act on the others' behalf. The acts of any and all Defendants represent and were in accordance with Defendants' official policy.

13. At all relevant times, Defendants, and each of them, ratified each and every act or omission complained of herein. At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

14. Plaintiff is informed and believes, and thereon alleges, that each of said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

15. Under California law, Defendants RENT-A-CENTER, INC., RENT-A-CENTER WEST, INC., and RENT-A-CENTER FRANCHISING INTERNATIONAL, INC. are jointly and severally liable as employers for the violations alleged herein because they have each exercised sufficient control over the wages, hours, working conditions, and employment status of Plaintiff and class members. Each Defendant had the power to hire and

fire Plaintiff and class members, supervise and control their work schedule and/or conditions of employment, determine their rate of pay, and maintain their employment records. Defendants RENT-A-CENTER, INC., RENT-A-CENTER WEST, INC., and RENT-A-CENTER FRANCHISING INTERNATIONAL, INC. suffer or permit Plaintiff and class members to work and/or "engage" Plaintiff and class members so as to create a common law employment relationship. As joint employers of Plaintiff and class members, Defendants are jointly and severally liable for the unpaid wages, statutory penalties, civil penalties and all other relief available to Plaintiff and class members under the law.

16.     Plaintiff is informed and believes, and thereon alleges, that at all relevant times, Defendants, and each of them, have acted as joint employers with respect to Plaintiff and class members because Defendants have:

> (a)     jointly exercised meaningful control over the work performed by Plaintiff and class members;

> (b)     jointly exercised meaningful control over Plaintiff and class members' wages, hours, and working conditions, including the quantity, quality standards, speed, scheduling, and operative details of the tasks performed by Plaintiff and class members;

> (c)     jointly required that Plaintiff and class members perform work which is an integral part of Defendants' businesses; and

> (d)     jointly exercised control over Plaintiff and class members as a matter of economic reality in that Plaintiff and class members were dependent on Defendants, who shared the power to set the wages of Plaintiff and class members and determine their working conditions, and who jointly reaped the benefits from the underpayment of their wages and noncompliance with other statutory provisions governing their employment.

## CLASS ACTION ALLEGATIONS

17.     Plaintiff brings this action on his own behalf, as well as on behalf of each and

all other persons similarly situated, and thus seeks class certification under Rule 23 of the Federal Rules of Civil Procedure.

18.     Plaintiff brings the First Cause of Action, the FLSA claim, as a nationwide "opt-in" collective action pursuant to 29 U.S.C. § 216(b), on behalf of:

> All non-exempt, hourly paid employees at any of Defendants' retail stores nationwide within three (3) years prior to the filing of this complaint until the date of trial ("Collective Action Class").

19.     All other claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law. Plaintiff seeks to proceed on a class action basis with regard to his California claims on behalf of:

> All persons who worked for Defendants as a nonexempt, hourly-paid employee at any of Defendants' California retail stores within four (4) years prior to the filing of this complaint until the date of trial ("California Class").

20.     Members of the Collective Action Class and California Class are referred to herein as "class members."

21.     Plaintiff reserves the right to redefine the Classes and to add subclasses as appropriate based on further investigation, discovery, and specific theories of liability.

22.     This action is brought and properly may be maintained as a class action pursuant to the provisions of Federal Rules of Civil Procedure 23(a)(1)-(4) and 23(b)(1), (b)(2) or (b)(3) and satisfies the requirements thereof.

23.     <u>Numerosity</u>: The class satisfies the numerosity prerequisite under Federal Rule of Civil Procedure 23(a)(1). Plaintiff is informed and believes, and on that basis alleges, that during the class period, hundreds of class members have been employed by Defendants as non-exempt, hourly-paid employees throughout the nation and in the state of California. Because so many persons have been employed by Defendants as non-exempt, hourly-paid employees, the members of the Class are so numerous that joinder of all members is impossible and or impracticable.

24.     <u>Typicality</u>: Plaintiff satisfies the typicality prerequisite under Federal Rule of

Civil Procedure 23(a)(3). Plaintiff's claims are typical of the members of the Class. Plaintiff, like other members of the class, working for Defendants throughout the nation, including California, was subjected to Defendants' policies and practices of refusing to pay overtime in violation of federal and California wage and hour laws.

25. _Adequacy_: Plaintiff satisfies the adequacy of representation prerequisite under Federal Rule of Civil Procedure 23(a)(4). Plaintiff is an adequate representative of the Class because he is a member of the class and his interests do not conflict with the interests of class members whom he seeks to represent. The class representative has retained competent and capable attorneys who are experienced lawyers with significant experience in complex and class action litigation, including employment litigation. The class representative and his counsel are committed to prosecuting this action vigorously on behalf of the various classes and have the financial resources to do so. Neither the class representative nor his counsel has interests that are contrary to or that conflict with those of the proposed class.

26. _Superiority_: Class certification of the respective class and subclass is appropriate under Federal Rule of Civil Procedure 23(b). The class action mechanism is superior to any alternatives that might exist for the fair and efficient adjudication of these claims. Proceeding as a class action would permit the large number of injured parties to prosecute their common claims in a single forum simultaneously, efficiently and without unnecessary duplication of evidence, effort and judicial resources. A class action is the only practical way to avoid the potentially inconsistent results that numerous individual trials are likely to generate. Moreover, class treatment is the only realistic means by which Plaintiff can effectively litigate against a large, well-represented corporations like Defendants. In the absence of a class action, Defendants would be unjustly enriched because they would be able to retain the benefits and fruits of the many wrongful violations of federal and California laws. Numerous repetitive individual actions would also place an enormous burden on the courts as they are forced to take duplicative evidence and decide the same issues relating to Defendants' conduct over and over again.

27. _Public Policy Considerations_: Employers across the nation and in California

violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means. Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights at the same time as their privacy is protected. Plaintiff asserts this litigation as a concerted action which seeks to improve the wages and working conditions for all putative class members who suffered from Defendants' illegal policies and/or practices.

28.    Plaintiff knows of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a class action.

29.    There are common questions of law and fact as to class members that predominate over questions affecting only individual members, including, but not limited to:

(a)    Whether Defendants required Plaintiff and class members to work over eight (8) hours per day, over twelve (12) hours per day, or over forty (40) hours per week and failed to pay all legally required overtime compensation to Plaintiff and class members;

(b)    Whether Defendants failed to properly calculate the overtime rates paid to Plaintiff and class members and failed to include all forms of remuneration in calculating Plaintiff and class members' regular rate of pay;

(c)    Whether Defendants failed to pay Plaintiff and class members at least minimum wages for all hours worked;

(d)    Whether Defendants failed to provide Plaintiff and California Class members with meal periods;

(e)    Whether Defendants failed to provide Plaintiff and California Class members with rest periods;

(f)    Whether Defendants failed to pay earned overtime wages, minimum wages, and meal and rest period premiums due to Plaintiff and

| | | California Class members upon their discharge; |
|---|---|---|
| 1 | | California Class members upon their discharge; |
| 2 | (g) | Whether Defendants failed timely to pay overtime wages, minimum |
| 3 | | wages, and meal and rest period premiums to Plaintiff and California |
| 4 | | Class members during their employment; |
| 5 | (h) | Whether Defendants failed to compensate Plaintiff and California Class |
| 6 | | members for split shifts when they returned to work for an additional |
| 7 | | shift in the same day, after having been clocked out for more than an |
| 8 | | hour; |
| 9 | (i) | Whether Defendants collected or received wages already paid to |
| 10 | | Plaintiff and California Class members without written authorization; |
| 11 | (j) | Whether Defendants failed to provide paid sick leave benefits and |
| 12 | | written notice of paid sick leave or paid time off available to Plaintiff |
| 13 | | and California Class members; |
| 14 | (k) | Whether Defendants reimbursed Plaintiff and California Class members |
| 15 | | for business-related expenses they incurred as a result of their |
| 16 | | employment; |
| 17 | (l) | Whether Defendants engaged in unlawful and unfair business practices |
| 18 | | in violation of California Business & Professions Code sections 17200, |
| 19 | | *et seq.*; and |
| 20 | (m) | The appropriate amount of damages, restitution, or monetary penalties |
| 21 | | resulting from Defendants' violations of federal and California law. |

**GENERAL ALLEGATIONS**

30. Defendants are a for-profit furniture and electronics rent-to-own company based in Plano, Texas doing business as "Rent-A-Center." Defendants provide new and used furniture, appliances, computers, and electronics from name brand companies using their rent-to-own business model. Defendants have more than 2,000 Rent-A-Center store locations nationwide, including at least 162 stores in California.

31. Upon information and belief, Defendants' high level officers direct, control,

CLASS ACTION COMPLAINT

and coordinate Defendants' activities from their corporate headquarters in Plano, Texas.

32. Upon information and belief, Defendants require that all new hires undergo mandatory drug testing and a physical examination as a condition of employment. Defendants provide their newly hired employees and/or prospective employees with the location of the testing facility, select the time and date of the drug test and physical examination, and determine the scope of the testing and examination. Defendants require that these newly hired employees and/or prospective employees travel using their own vehicles to the designated testing facility to undergo the drug test and physical examination. Upon information and belief, Defendants do not compensate newly hired employees and/or prospective employees for the time it takes to travel to and from the testing facility or for the time it takes to undergo the drug testing and physical examination. Upon information and belief, Defendants do not reimburse employees for the travel expenses they incur getting to and from the testing facility.

33. Upon information and belief, Defendants set forth uniform policies and procedures in an employee handbook. At the time Plaintiff was hired, he received standardized offer letters informing them that they would be subject to the policies and procedures set forth in Defendants' Employee Handbook.

34. Upon information and belief, Defendants maintain a centralized Human Resources department at their corporate headquarters in Plano, Texas, which is responsible for conducting Defendants' recruiting and hiring of new employees, as well as communicating and implementing Defendants' company-wide policies, including timekeeping policies and California-specific meal and rest break policies implemented at all of Defendants' California locations. In particular, on information and belief, Plaintiff and other employees who worked at different Rent-A-Center store locations and in completely different hourly positions, received the same standardized personnel documents and/or written policies, including, but not limited to: New Hire Paperwork; Mutual Agreement to Arbitrate Claims; Acknowledgment of Sedgwick CMS California Workers' Compensation Medical Provider Network Employee Notification & Guide; Acknowledgement of Responsibility for Receiving Merchandise; Drug Free Workplace Policy; Coworker Handbook and General Guidelines

Acknowledgement; and Medical Certifications, Background and MVR Checks Policy and Authorization.

35. Upon information and belief, Defendants maintain a centralized Payroll department at their corporate headquarters in Plano, Texas, which processes payroll for all non-exempt, hourly paid employees working for Defendants at their various locations in California and nationwide, including Plaintiff and class members.

36. Based upon information and belief, Defendants issue the same formatted wage statements to all non-exempt, hourly paid employees in California, irrespective of their store location, job category, or specific position. Accordingly, Plaintiff believes that all California Class members were affected by Defendants' noncompliance with California wage statement reporting requirements.

37. Defendants continue to employ non-exempt, hourly-paid employees in various retail store locations nationwide.

38. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants were advised by skilled lawyers and other professionals, employees and advisors knowledgeable about federal and California labor and wage law, employment and personnel practices, and about the requirements of federal and California law.

39. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive certain wages for overtime compensation and that they were not receiving certain wages for overtime compensation.

40. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to be paid an overtime rate of pay based on their regular rate, which should have been calculated based on their regular hourly pay and included all forms of remuneration paid to Plaintiff and class members.

41. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive at least minimum wages for compensation and that, in violation of the California Labor Code, they were not

receiving at least minimum wages for work that Defendants knew or should have known was performed.

42. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to meal periods in accordance with the Labor Code or payment of one (1) additional hour of pay at their regular rate when they were not provided with timely, uninterrupted, thirty (30) minute meal periods and that Plaintiff and class members were not provided with all meal periods or payment of one (1) additional hour of pay at their regular rates when they did not receive a timely, uninterrupted, thirty (30) minute meal period.

43. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to rest periods in accordance with the Labor Code and applicable IWC Wage Order or payment of one (1) additional hour of pay at their regular rates when they were not provided with a compliant rest period and that Plaintiff and class members were not provided compliant rest periods or payment of one (1) additional hour of pay at their regular rates when they were not provided a compliant rest period.

44. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive complete and accurate wage statements in accordance with California law. In violation of the California Labor Code, Defendants did not provide Plaintiff and class members with complete and accurate wage statements.

45. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to timely payment of wages upon termination of employment. In violation of the California Labor Code, Defendants did not pay Plaintiff and class members all wages due, including, but not limited to, overtime wages, minimum wages, and meal and rest period premium wages, within permissible time periods.

46. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

should have known that Plaintiff and class members were entitled to timely payment of wages during their employment. In violation of the California Labor Code, defendants did not pay Plaintiff and class members all wages, including, but not limited to, overtime wages, minimum wages, and meal and rest period premium wages, within permissible time periods.

47.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to be paid split shift premiums when they returned to work for an additional shift in the same day, after having been clocked out for more than an hour. In violation of the California Labor Code, Defendants did not pay Plaintiff and class members all split shift premiums due.

48.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that they could not lawfully collect or receive any part of wages previously paid to Plaintiff and class members. In violation of the California Labor Code, Defendants deducted a portion of the previously paid wages of Plaintiff and class members when Defendants took money out of Plaintiff's and class members' paychecks for uniforms that were provided to store employees.

49.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to paid sick leave benefits, including three (3) days of paid sick leave, and written notice of paid sick leave or paid time off available. In violation of the California Labor Code, Defendants did not provide Plaintiff and class members with sufficient paid sick leave benefits and written notice of paid sick leave or paid time off available, within permissible time periods.

50.     Plaintiff is informed and believes, and thereon alleges that Defendants knew or should have known that Plaintiff and class members were entitled to receive full reimbursement for all business-related expenses and costs they incurred during the course and scope of their employment, and that they did not receive full reimbursement of applicable business-related expenses and costs they incurred.

51.     Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants knew or should have known that they had a duty to provide other class

members with written notice of the material terms of their employment with Defendants as required by the California Wage Theft Prevention Act, but willfully, knowingly, and intentionally failed to do so.

52.     Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants knew or should have known that they had a duty to compensate Plaintiff and class members for all hours worked, and that Defendants had the financial ability to pay such compensation but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiff and class members that they were properly denied wages, all in order to increase Defendants' profits.

<div align="center">

**FIRST CAUSE OF ACTION**

**Violation of Fair Labor Standards Act – 29 U.S.C. §§ 201 *et seq.***

**(On Behalf of Plaintiff and Collective Action Class Members Against all Defendants)**

</div>

53.     Plaintiff incorporates by reference and re-alleges as if fully stated herein each allegation set forth above.

54.     Defendants are employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

55.     Defendants employed and/or continue to employ Plaintiff and Collective Action Class members within the meaning of the FLSA.

56.     Plaintiff has expressly consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).  Attached hereto as Exhibit "A" is a true and correct copy of Plaintiff's Notice of Filing of Consent to Join Form.

57.     Pursuant to the FLSA, Defendants were required to compensate Plaintiff and Collective Action Class members for all hours worked and for overtime at a rate of one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek.

58.     During the relevant time period, Plaintiff and Collective Action Class members worked in excess of 40 hours in a workweek.

59.     As alleged in greater detail below, Defendants failed to compensate Plaintiff

and Collective Action Class members for all hours worked in excess of 40 in a workweek and failed to compensate Plaintiff and Collective Action Class members at a rate of not less than one and one-half times the regular rate of pay for worked performed in excess of 40 in one workweek, in violation of 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a) and 215(a).

60. In particular, Defendants failed to pay Plaintiff and Collective Action Class members the correct overtime rate by failing to incorporate all remunerations, including incentive pay and/or nondiscretionary bonuses, into the calculation of the regular rate of pay for purposes of calculating the overtime wage rate. As detailed below, Plaintiff and Collective Action Class members were entitled to monthly bonuses that were nondiscretionary and based on collecting on delinquent customer accounts. However, Defendants failed to incorporate these other earned forms of pay into Plaintiff's and Collective Action Class members' regular rate of pay and, as a result, paid them at an incorrect and lower rate of pay for overtime hours worked.

61. As also alleged herein, Defendants failed to compensate Plaintiff and Collective Action Class members for all hours worked by failing to pay them for a mandatory "Observation Program" wherein new employees were required to observe other RAC employees perform their duties and other off-the-clock work.

62. Based on the foregoing and allegations herein, Defendants have violated 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a) and 215(a).

63. Defendants' conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

64. Plaintiff, on behalf of himself and Collective Action Class members, seeks to recover their respective unpaid wages, overtime compensation, liquidated damages, interest, attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), and any other relief the Court deems just and proper.

**SECOND CAUSE OF ACTION**

**Violation of California Labor Code §§ 510 and 1198—Unpaid Overtime**

**(On Behalf of Plaintiff and California Class Members Against all Defendants)**

65.     Plaintiff incorporates by reference and re-alleges as if fully stated herein each allegation set forth above.

66.     Labor Code section 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order. California Labor Code section 1198 requires that ". . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for employees. The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."

67.     California Labor Code section 1198 and the applicable IWC Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

68.     Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiff and class members working more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time and one-half (1½) for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

69.     The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiff and other California Class members working more than twelve (12) hours in a day, overtime compensation at a rate of two (2) times their regular rate of pay, and required to pay Plaintiff and other California Class members at a rate of two (2) times their regular rate of pay for hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of a work in a workweek. An employee's regular rate of pay includes all remuneration for employment paid to, or on behalf of, the employee, including non-discretionary bonuses and incentive pay.

70.     California Labor Code section 510 codifies the right to overtime compensation

at one-and-one-half times the regular rate of pay for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

71.     During the relevant time period, Defendants willfully failed to pay all overtime wages owed to Plaintiff and other California Class members.  During the relevant time period, Plaintiff and other California Class members were not paid overtime premiums for all of the hours they worked in excess of eight (8) hours in a day, in excess of twelve (12) hours in a day, and/or in excess of forty (40) hours in a week, because all hours worked were not recorded.

72.     Defendants have a company-wide policy of staffing store locations strictly based on the labor hours allocated by corporate for each location, which has resulted in and continues to result in chronic understaffing such that there were too few employees on duty to handle the workload.  Due to Defendants' systemic utilization of labor budgets, Plaintiff and other California Class members were not provided adequate meal break coverage to allow them to be relieved of their duties for compliant meal periods.  Instead, Plaintiff and other California Class members were stuck making collections calls and attending to in-store guests during meal breaks due to inadequate meal break coverage at Defendants' stores.  Thus, as a result of Defendants' company-wide failure to provide adequate break coverage, Plaintiff and other California Class members were not always permitted and authorized to take timely, uninterrupted 30-minute meal periods during shifts in which they were entitled to receive meal periods.

73.     Defendants also systematically, and on a company-wide basis, did not schedule second meal periods and had no policy for permitting and authorizing Plaintiff and other class members to take second 30-minute meal periods on days that they worked in excess of 10 hours in one day. During the relevant time period, Plaintiff worked shifts in excess of 10 hours and did not receive a second 30-minute meal period on those shifts. Other class members also

worked in excess of 10 hours per day, but did not receive a second uninterrupted 30-minute meal period on those days.

74.     Moreover, Defendants' labor or payroll budget policy discouraged Plaintiff and other California Class members from clocking in before their scheduled shift start times or clocking out after their scheduled shift start time, even though Plaintiff and other California Class members performed additional duties and were subject to Defendants' control during this time. Plaintiff would regularly work approximately 30 minutes before clocking in and 30 minutes after clocking out several times a week, on information and belief, in order to avoid exceeding the allotted number of overtime or payroll hours for his store.  Sometimes, Plaintiff noticed that Defendants' management had adjusted his hours downward to deny him overtime pay.  Plaintiff and other California Class members were thus required by Defendants to perform work off-the-clock outside of their scheduled shifts, such as continuing to make deliveries of products when scheduled deliveries were delayed.

75.     Defendants knew or should have known that as a result of these company-wide practices, Plaintiff and other California Class members were attending to store customers and performing other assigned duties like making collections calls or continuing to make product deliveries during their meal periods and/or before or after their scheduled shifts, and thereby performing work for which they were not paid. Defendants also knew, or should have known, that it did not compensate Plaintiff and other California Class members for this off-the-clock work.  Because Plaintiff and other California Class members worked shifts of eight (8) hours a day or more or forty (40) hours a week or more, some of this off-the-clock work performed during unpaid meal periods and before or after scheduled shifts qualified for overtime premium pay. Therefore, Plaintiff and other California Class members were not paid overtime wages for all of the overtime hours they actually worked. Defendants' failure to pay Plaintiff and other California Class members the balance of overtime compensation, as required by California law, violates the provisions of California Labor Code sections 510 and 1198.

76.     Furthermore, Defendants did not pay other class members the correct overtime rate for the recorded overtime hours that they generated.  In addition to an hourly wage,

Defendants paid Plaintiff and other California Class members incentive pay and nondiscretionary bonuses. However, in violation of the California Labor Code, Defendants failed to incorporate all remunerations, including incentive pay and/or nondiscretionary bonuses, into the calculation of the regular rate of pay for purposes of calculating the overtime wage rate. Therefore, during times when Plaintiff and other California Class members worked overtime and received incentive pay and/or nondiscretionary bonuses, Defendants failed to pay all overtime wages by paying a lower overtime rate than required.

77.     Specifically, Plaintiff and other California Class members were entitled to monthly bonuses that appeared on their wage statements as "R BON" or "SPIP MNT." These bonuses were nondiscretionary and based on whether an employee met his or her monthly goal of collecting payments from store customers who had delinquent accounts. Employees received these bonuses if they obtained collections from a certain percentage of the total number of individuals in each payment group (groups were based on the number of days debtors were past due). For example, to earn a bonus, Plaintiff and other California Class members would need to receive collections from a certain percentage of people who were 1-6 days past due, a certain percentage of people who were 7-14 days past due, and so on for the month. Other California Class members received these bonuses and/or incentive pay during the relevant time period.  In the same pay periods in which these incentive payments and/or nondiscretionary bonuses were earned, other class members also worked overtime hours for which they were paid overtime wages.  However, Defendants failed to incorporate these other earned forms of pay into other class members' regular rate of pay and, as a result, paid them at an incorrect and lower rate of pay for overtime hours worked. Specifically, Defendants paid them at 1.5 times their *hourly* rate of pay instead of at 1.5 times their *regular* rate of pay. Defendants' failure to properly calculate the overtime rate of pay based on all remuneration paid has resulted in an underpayment of overtime wages to Plaintiff and other California Class members.

78.     As a result of Defendants' company-wide failure to include all forms of remuneration in calculating regular rates of pay, including incentive pay, Defendants paid

Plaintiff and California Class members overtime at a lower rate than required by law. Based on Defendants' centralized Payroll and Human Resources department(s), Plaintiff believes that class members, regardless of job title or duties, also were paid overtime at the incorrect rate of pay in pay periods in which they also worked overtime.

79.     Because Plaintiff and California Class members sometimes worked shifts of eight (8) hours a day or more or forty (40) hours a week or more, some of this off-the-clock work qualified for overtime premium pay. Therefore, Plaintiff and California Class members were not paid overtime wages for all of the overtime hours they worked.

80.     Defendants' failure to pay Plaintiff and California Class members the balance of overtime compensation and failure to include all applicable remuneration in calculating the regular rate for overtime pay, as required by California law, violates the provisions of California Labor Code sections 510 and 1198. Pursuant to California Labor Code section 1194, Plaintiff and California Class members are entitled to recover their unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

**THIRD CAUSE OF ACTION**

**Violation of California Labor Code §§ 1182.12, 1194, 1197, 1197.1, and 1198—Unpaid Minimum Wages**

**(On Behalf of Plaintiff and California Class Members Against All Defendants)**

81.     Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

82.     At all relevant times, California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198 provide that the minimum wage for employees fixed by the IWC is the minimum wage to be paid to employees, and the payment of a wage less than the minimum so fixed is unlawful. Compensable work time is defined in Wage Order No. 5 as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so." Cal. Code. Regs. tit. 8, § 11070(2)(K) (defining "Hours Worked").

83.     As set forth above, due to Defendants' staffing and scheduling practices,

Plaintiff and other California Class members were forced to forego meal periods and/or have their meal periods interrupted by work or delayed by work, and were not relieved of all duties for unpaid meal periods, in order to attend to customers. In addition, Defendants systematically failed to pay Plaintiff and other California Class members for actual hours worked during unpaid meal periods and/or before or after scheduled shifts because these hours were not always correctly recorded. Also, as set forth above, Defendants' labor or payroll budget policy discouraged Plaintiff and other California Class members from clocking in before their scheduled shift start times or from clocking out after their scheduled shift end time, even though Plaintiff and other California Class members performed additional duties and were subject to Defendants' control during this time. Plaintiff and other California Class members were thus required to perform work off-the-clock, providing assistance on the store floor and making deliveries.

84. Moreover, Defendants implemented a mandatory "Applicant Observation Program" requiring prospective employees to undergo training while observing Defendants employees perform their jobs. According to Defendants' Pre-Employment Applicant Observation Program form and waiver, Defendants "request[ed] that [applicants] spend some time in one of our stores observing what our coworkers actually do on a daily basis" for approximately "2-4 hours" in order to ensure that applicants were as "committed . . . as we are" and to ensure "[applicants] have a clear understanding of what our job is all about." In the same paperwork, RAC stated that "[applicants] will not be paid for the time [applicants] are there." Plaintiff and other California Class members underwent this mandatory training during regular store hours, watching store workers perform job duties that applicants would be expected to perform once hired (such as taking payments at the cash register and carrying out other in-store tasks, conducting deliveries of products, and collecting on delinquent accounts), all for the benefit of Defendants, but were not paid for the time they spent in this training program.

85. During the relevant time period, Defendants maintained and implemented a company-wide policy of requiring all newly hired employees and/or prospective employees to

undergo mandatory drug testing and physical examination. At all times, upon information and belief, Defendants were in control of scheduling the date and time for the drug testing, selecting the provider/facility where the drug testing was to take place, and determining the scope of the physical examination and drug test. Defendants gave Plaintiff and California Class members' strict instructions to obtain a drug test as a condition of their employment and Plaintiff and California Class members underwent drug testing for the sole benefit of Defendants. Plaintiff spent approximately 60 to 120 minutes at the clinic to obtain the mandatory drug test and physical examination. However, Defendants did not compensate Plaintiff and California Class members for the time they spent traveling to and from drug testing or for the time they spent undergoing drug testing.

86. Thus, Defendants did not pay at least minimum wages for all hour worked by Plaintiff and California Class members.

87. Defendants' failure to pay Plaintiff and California Class members' minimum wages for all hours worked violates California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198. Pursuant to California Labor Code section 1194.2, Plaintiff and California Class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

<div align="center">

**FOURTH CAUSE OF ACTION**

**Violations of California Labor Code, §§ 226.7, 512(a), and 1198—Meal Period Violations**

**(On Behalf of Plaintiff and California Class Members Against all Defendants)**

</div>

88. Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

89. At all relevant times herein set forth, California Labor Code section 512(a) provides that an employer may not require, cause, or permit an employee to work for a period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee. Under California law, first meal periods must start after no more

than five (5) hours. *Brinker Rest. Corp. v. Superior Court*, 53 Cal. 4th 1004, 1041-1042 (Cal. 2012).

90.     At all relevant times herein set forth, California Labor Code section 226.7, 512(a), and 1198 provide that no employer shall require an employee to work during any meal period mandated by an applicable order of the IWC.

91.     At all relevant times herein set forth, Labor Code sections 226.7, 512(a), 1198, and the applicable IWC Wage Order also require employers to provide a second meal break of not less than thirty (30) minutes if an employee works over ten (10) hours per day or to pay an employee one (1) additional hour of pay at the employee's regular rate, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

92.     As mentioned above, during the relevant time period, Defendants' company-wide failure to provide adequate coverage prevented Plaintiff and other California Class members from taking compliant meal periods.  As a result of these practices and/or policies, Plaintiff and other California Class members were required to continue to perform their duties, such as attending to customers, calling customers to obtain payments, or making deliveries, without being able to take timely, compliant meal periods. Further, Defendants have no policy for scheduling second meal periods and had no policy for permitting and authorizing Plaintiff and other California Class members to take second 30-minute meal periods on days that they worked in excess of 10 hours in one day.  Plaintiff and other California Class members did not receive second 30-minute meal periods on days that they worked in excess of 10 hours in one day.

93.     At all times herein mentioned, Defendants knew or should have known that as a result of these policies, Plaintiff and other California Class members were prevented from being relieved of all duties and required to perform some of their assigned duties during meal periods and that Defendants did not pay other class members meal period premium wages when they were interrupted. As a result, Plaintiff and other California Class members had to work through part or all of their meal periods, have their meal periods interrupted, and/or wait

extended periods of time before taking meal periods. For example, Plaintiff and other California Class members were sometimes made to work over 6-6.5 hours straight before Defendants permitted and authorized them to take their meal periods. Plaintiff's meal periods were often taken late (after he had already worked 5 hours or more into his shift) approximately 2-3 times a week, and Plaintiff also missed or had his meal periods interrupted if he did not leave the store premises. Defendants knew, or should have known, that they did not pay Plaintiff and other California Class members meal period premium wages when their meal breaks were missed, interrupted by work, or taken late.

94.     Moreover, Defendants engaged in a systematic, company-wide policy to not pay meal period premiums for Plaintiff and California Class members, regardless of whether they were able to take a compliant meal break, in violation of the applicable IWC Wage Order and Labor Code sections 226.7 and 512(a). As a result, Defendants failed to provide Plaintiff and class members' compliant meal periods in violation of California Labor Code sections 226.7 and 512 and failed to pay the full meal period premiums due.

95.     Alternatively, to the extent Defendants have paid Plaintiff and California Class members one (1) additional hour of pay for each work day that a meal period was not provided, Defendants, on a systematic basis, did not pay the correct amount due in meal period premium wages because they failed to include all remunerations, such as nondiscretionary bonuses and/or incentive pay, in their calculation of the regular rates of pay for purposes of meal period premiums.

96.     Defendants' conduct violates the applicable IWC Wage Orders and Labor Code sections 512(a), 226.7, and 1198. Plaintiff and California Class members are therefore entitled to recover from Defendants one (1) additional hour of pay at the employee's regular rate of compensation for each work day that the meal period was not provided.

**FIFTH CAUSE OF ACTION**

**Violation of California Labor Code §§ 226.7 and 1198—Rest Break Violations**

**(On Behalf of Plaintiff and California Class Members Against all Defendants)**

97.     Plaintiff incorporates by reference and re-alleges as if fully stated herein each

and every allegation set forth above.

98. At all relevant times, the applicable IWC Wage Order and California Labor Code sections 226.7 and 1198 were applicable to Plaintiff and California Class members employed by Defendants.

99. At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3½) hours.

100. At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC. To comply with its obligation to provide rest periods under California Labor Code section 226.7 and the applicable IWC Wage Order, an employer must "relinquish any control over how employees spend their break time, and relieve their employees of all duties — including the obligation that an employee remain on call. A rest period, in short, must be a period of rest." *Augustus, et al. v. ABM Security Services, Inc.* ABM Security Services, __ Cal. 4th __, 2016 WL 7407328 *9 (Dec. 22, 2016).

101. Pursuant to the applicable IWC Wage Order and California Labor Code sections 226.7(b) and 1198, Plaintiff and California Class members are entitled to recover from Defendants one (1) additional hour of pay at their regular rates of pay for each work day that a required rest period was not provided.

102. During the relevant time period, as with meal periods, Defendants' policies and practices prevented Plaintiff and other California Class members from being relieved of all duties in order to take compliant rest periods. As a result, Plaintiff would sometimes work shifts in excess of three and one half (3.5) hours and in excess of six (6) hours without receiving all uninterrupted 10 minute rest periods to which he was entitled. For example, Plaintiff would miss his rest breaks altogether approximately three (3) times per week, because

1 he often would have to finish making deliveries when delivery schedules had become delayed

2 throughout the day. Plaintiff and other California Class members also would sometimes work

3 shifts in excess of 10 hours without receiving all uninterrupted 10 minute rest periods to which

4 they were entitled.

5       103. At the same time, Defendants have implemented a company-wide policy to not

6 pay rest period premiums owed when compliant rest periods are not provided. Defendants'

7 conduct violates the applicable IWC Wage Orders and California Labor Code section 226.7.

8       104. Alternatively, to the extent Defendants have paid Plaintiff and California Class

9 members one (1) additional hour of pay for each work day that a rest period was not provided,

10 Defendants, on a systematic basis, failed to pay them the correct amount due in rest period

11 premiums because Defendants failed to include all remunerations, such as nondiscretionary

12 bonuses and/or incentive pay, in the calculation of the regular rates of pay.

13       105. Defendants' conduct violates the applicable IWC Wage Orders and California

14 Labor Code section 226.7. Plaintiff and California Class members are therefore entitled to

15 recover from Defendants one (1) additional hour of pay at the employee's regular rate of

16 compensation for each work day that the rest period was not provided.

17 <div align="center">**SIXTH CAUSE OF ACTION**</div>

18 <div align="center">**Violation of California Labor Code §§ 226(a), 1174(d) and 1198– Non-Compliant Wage**</div>

19 <div align="center">**Statements and Failure to Maintain Accurate Payroll Records**</div>

20 <div align="center">**(On Behalf of Plaintiff and California Class Members Against all Defendants)**</div>

21       106. Plaintiff incorporates by reference and re-alleges as if fully stated herein each

22 and every allegation set forth above.

23       107. At all relevant times herein set forth, California Labor Code section 226(a)

24 provides that every employer shall furnish each of his or her employees an accurate and

25 complete itemized wage statement in writing, including, but not limited to, the name and

26 address of the legal entity that is the employer, the inclusive dates of the pay period, total

27 hours worked, and all applicable rates of pay.

28       108. At all relevant times herein set forth, Defendants have knowingly, intentionally,

and systematically provided Plaintiff and California Class members with uniform, incomplete and inaccurate wage statements. For example, Defendants issued uniform wage statements to Plaintiff and California Class members that fail to correctly list: gross wages earned in violation of section 226(a)(1); net wages earned in violation of section 226(a)(5); the correct legal name of the employing entity in violation of section 226(a)(8); and all applicable hourly rates in effect during the pay period, including overtime rates of pay, and the corresponding number of hours worked at each hourly rate in violation of section 226(a)(9).

109. Specifically, because Defendants did not calculate Plaintiff's and California Class members' regular rate of pay correctly for purposes of paying overtime, Defendants failed to list the correct amount of gross wages earned by Plaintiff and California Class members in compliance with section 226(a)(1). Also, Defendants failed to list the correct amount of net wages earned by Plaintiff and other California Class members in violation of section 226(a)(5). Defendants also failed to correctly list all applicable hourly rates in effect during the pay period, namely, correct overtime rates of pay and correct rates of pay for premium wages, in violation of section 226(a)(9).

110. Furthermore, Defendants have knowingly provided Plaintiff and other California Class members with uniform, standardized wage statements that list the incorrect legal name of the employing entity in violation of Labor Code section 226(a)(8). Specifically, according to Plaintiff's wage statements, the legal name of the employer is "RENT-A-CENTER." However, the California Secretary of State's website has no record of such entity registered to do business in California. Two entities with a matching address are listed on the California Secretary of State's website as "RENT-A-CENTER**, INC**." and "RENT-A-CENTER **WEST, INC**."

111. The wage statement deficiencies also include, without limitation, failing to list total hours worked by employees; failing to list the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis; failing to list all deductions; failing to list the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number;

failing to list the address of the legal entity that is the employer; failing to list the inclusive dates of the period for which aggrieved employees were paid; and/or failing to state all hours worked as a result of not recording or stating the hours they worked off-the-clock.

112. California Labor Code section 1198 provides that the maximum hours of work and the standard conditions of labor shall be those fixed by the Labor Commissioner and as set forth in the applicable IWC Wage Orders. Section 1198 further provides that "[t]he employment of any employees for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful." Pursuant to the applicable IWC Wage Order, employers are required to keep accurate time records showing when the employee begins and ends each work period and meal period. During the relevant time period, Defendants failed, on a company-wide basis, to keep records of meal period start and stop times for Plaintiff and California Class members in violation of section 1198.

113. California Labor Code section 1174(d) provides that "[e]very person employing labor in this state shall … [k]eep a record showing the names and addresses of all employees employed and the ages of all minors" and "[keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments…" During the relevant time period, and in violation of Labor Code section 1174(d), Defendants willfully failed to maintain accurate payroll records for Plaintiff and class members showing the daily hours they worked and the wages paid thereto as a result of failing to record the off-the-clock hours that they worked.

114. Because Defendants failed to provide the accurate number of total hours worked on wage statements, Plaintiff and other class members have been prevented from verifying, solely from information on the wage statements themselves, that they were paid correctly and in full. Instead, Plaintiff and other California Class members have had to look to sources outside of the wage statements themselves and reconstruct time records to determine whether in fact they were paid correctly and the extent of underpayment, thereby causing them

1    injury.

2        115.    Plaintiff and California Class members are entitled to recover from Defendants

3    the greater of their actual damages caused by Defendants' failure to comply with California

4    Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars

5    ($4,000) per employee.

6                          **SEVENTH CAUSE OF ACTION**

7    **Violation of California Labor Code §§ 201 and 202 – Wages Not Timely Paid Upon**

8                                   **Termination**

9        **(On Behalf of Plaintiff and California Class Members Against all Defendants)**

10       116.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each

11   and every allegation set forth above.

12       117.    At all times relevant herein set forth, Labor Code sections 201 and 202 provide

13   that if an employer discharges an employee, the wages earned and unpaid at the time of

14   discharge are due and payable immediately, and that if an employee voluntarily leaves his or

15   her employment, his or her wages shall become due and payable not later than seventy-two

16   (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of

17   his or her intention to quit, in which case the employee is entitled to his or her wages at the

18   time of quitting.

19       118.    During the relevant time period, Plaintiff was terminated on or about April 23,

20   2016. His last day of work was on or about April 23, 2016, but he did not receive his final

21   wages until about three (3) days after his termination, on or about April 26, 2016. Thus,

22   Defendants failed to pay Plaintiff his final wages on his last day of work, in violation of Labor

23   Code section 201.

24       119.    During the relevant time period, Defendants willfully failed to pay Plaintiff and

25   California Class members who are no longer employed by Defendants the earned and unpaid

26   wages set forth above, including but not limited to, overtime wages, minimum wages, and

27   meal and rest period premium wages, either at the time of discharge, or within seventy-two

28   (72) hours of their leaving Defendants' employ.

120. Defendants' failure to pay Plaintiff and those California Class members who are no longer employed by Defendants their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ, violates Labor Code sections 201 and 202. Plaintiff and California Class members are therefore entitled to recover from Defendants the statutory penalty wages for each day they were not paid, at their regular rate of pay, up to a thirty (30) day maximum pursuant to California Labor Code section 203.

<div align="center">

**EIGHTH CAUSE OF ACTION**

**Violation of California Labor Code § 1198 – Failure to Compensate for Split-Shifts**

**(On Behalf of Plaintiff and California Class Members Against all Defendants)**

</div>

121. Plaintiff incorporates by reference and re-allege as if fully stated herein each and every allegation set forth above.

122. California Labor Code section 1198 provides that no employer may employ an employee under conditions of labor that are prohibited by the applicable IWC wage order. California Labor Code section 1198 further requires that ". . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for employees. The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."

123. California Code of Regulations, Title 8, section 11070(4)(C) provides that "When an employee works a split shift, one (1) hour's pay at the minimum wage shall be paid in addition to the minimum wage for that workday, except when the employee resides at the place of employment." California Code of Regulations, Title 8, defines a split shift as "a work schedule, which is interrupted by non-paid non-working periods established by the employer, other than bona fide rest or meal periods."

124. Defendants violated California Labor Code section 1198 and California Code of Regulations, Title 8, section 11070(4)(C), because Defendants failed to pay Plaintiff and California Class members a split-shift premium when they returned to work for an additional shift in the same day, after having been clocked out for more than an hour.

125. For example, Defendants sometimes scheduled Plaintiff to work double-shifts

that were separated by more than one (1) hour of time, particularly during the Black Friday shopping season, but failed to ever pay him one (1) hour's pay at the minimum wage in addition to the minimum wage for that workday. Defendants scheduled these double-shifts in an attempt to prevent Plaintiff and other California Class members from incurring overtime to keep within the store's labor budget. Upon information and belief, other California Class members also worked double-shifts separated by more than one (1) hour of time without receiving one additional hour at minimum wage from Defendants for working a split-shift. Accordingly, Defendants required Plaintiff and California Class members to work split shifts but failed to pay them an additional hour at minimum wage in violation of California Labor Code section 1198.

126. Defendants' failure to compensate Plaintiff and California Class members with split-shift pay when they returned to work for an additional shift in the same day, after having been clocked out for more than an hour, violates California Labor Code section 1198 and California Code of Regulations Title 8, Section 11070(4)(C). Pursuant to the applicable IWC Wage Order, Plaintiff and California Class members are entitled to recover from Defendants one (1) additional hour of pay at minimum wage for each work day that they worked a split shift.

## NINTH CAUSE OF ACTION

**Violation of California Labor Code § 2802 – Unpaid Business-Related Expenses**

**(On Behalf of Plaintiff and California Class Members Against all Defendants)**

127. Plaintiff incorporates by reference and re-allege as if fully stated herein each and every allegation set forth above.

128. At all times herein set forth, California Labor Code section 2802 provides that an employer must reimburse employees for all necessary expenditures and losses incurred by the employee in the performance of his or her job. The purpose of Labor Code section 2802 is to prevent employers from passing off their cost of doing business and operating expenses on to their employees. *Cochran v. Schwan's Home Service, Inc.*, 228 Cal. App. 4th 1137, 1144 (2014).

129.     The applicable wage order, IWC Wage Order 7-2001, provides that: "[w]hen tools or equipment are required by the employer or are necessary to the performance of a job, such tools and equipment shall be provided and maintained by the employer, except that an employee whose wages are at least two (2) times the minimum wage provided herein may be required to provide and maintain hand tools and equipment customarily required by the trade or craft."

130.     During the relevant time period, Defendants, on a company-wide basis, required that Plaintiff and other class members utilize their own personal cell phones and/or cell phone data to carry out their job duties, but Defendants failed to reimburse them for the costs of their cell phone plans and/or data plans. For example, Plaintiff was required to use his personal cellular phone in order to carry out his work, such as communicating with his store manager, co-workers, and customers, and to assist him with making deliveries and repossessions. Although Defendants required Plaintiff to regularly utilize his personal cellular phone to carry out work-related responsibilities, Defendants failed to reimburse him for this cost.

131.     Furthermore, Defendants mandated that Plaintiff and other class members purchase clothing like shirts and shorts bearing the company logo (i.e. uniforms), which they were required to wear while at work. During his employment, Plaintiff purchased several uniform shirts and shorts bearing the company logo, totaling approximately $70, but was not reimbursed for this cost. Also, as mentioned, Defendants had a company-wide policy of requiring Plaintiff and other class members to travel in their own personal vehicles to medical clinics to undergo mandatory pre-employment drug testing and/or physical examinations, but did not reimburse them for their travel expenses. For example, as described above, Plaintiff drove approximately 10-12 miles roundtrip to obtain a mandatory drug test and/or physical examination per Defendants' instructions, but was not reimbursed for his mileage to and from the medical facility. Defendants could have provided Plaintiff and/or other class members with the actual uniforms and tools required for use on the job, including company phones, or reimbursed employees for their cell phone usage, uniform expenses, gas expenses, and/or

provided company vehicles to be used for fulfilling work-related tasks, but instead, Defendants passed these operating costs off onto Plaintiff and other class members.

132. Defendants' company-wide policy and/or practice of passing on its operating costs to Plaintiff and class members by requiring that they use their own personal cellular phones for work, requiring that they purchase uniforms, and failing to reimburse all travel expenses violates California Labor Code section 2802. Defendants have intentionally and willfully failed to fully reimburse Plaintiff and other class members for necessary business-related expenses and costs.

133. Plaintiff and other class members are entitled to recover from Defendants their business-related expenses incurred during the course and scope of their employment, plus interest.

<center>

**TENTH CAUSE OF ACTION**

**Violation of California Business & Professions Code §§ 17200, *et seq.* –**

**Unlawful Business Practices**

**(On Behalf of Plaintiff and California Class Members Against all Defendants)**

</center>

134. Plaintiff incorporates by reference and re-allege as if fully stated herein each and every allegation set forth above.

135. Defendants are a "person" as defined by California Business & Professions Code sections 17201, as they are corporations, firms, partnerships, joint stock companies and/or associations.

136. Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful and harmful to Plaintiff, class members, and to the general public. Plaintiff has suffered injury in fact and has lost money as a result of Defendants' unlawful business practices. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

137. Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code sections 17200, *et seq.*

<center>CLASS ACTION COMPLAINT</center>

138.    A violation of California Business & Professions Code sections 17200, *et seq.* may be predicated on the violation of any state or federal law. In the instant case, Defendants' policies and practices have violated state law in at least the following respects:

    (a)    Requiring non-exempt employees, including Plaintiff and California Class members, to work overtime without paying them proper compensation in violation of California Labor Code sections 510 and 1198 and the applicable IWC Order and paying Plaintiff and California Class members overtime at a lower rate than required by law by failing to properly calculate the regular rate of pay for purposes of overtime;

    (b)    Failing to pay at least minimum wage to Plaintiff and class members in violation of California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198 and the applicable IWC Order;

    (c)    Failing to provide uninterrupted meal and rest periods to Plaintiff and California Class members in violation of California Labor Code sections 226.7, 512(a), 1198 and the applicable IWC Order;

    (d)    Failing to provide Plaintiff and California Class members with accurate wage statements and failing to maintain accurate payroll records in violation of California Labor Code sections 226(a), 1174(d), 1198, and the applicable IWC Order;

    (e)    Failing timely to pay all earned wages to Plaintiff and California Class members in violation of California Labor Code section 204 and the applicable IWC Order, as set forth below;

    (f)    Failing to pay Plaintiff and California Class members one hour of minimum wage when they were required to work split shifts in violation of California Labor Code section 1198, and the applicable IWC Order, as alleged herein;

    (g)    Collecting or receiving wages already paid from Plaintiff and California Class members in violation of California Labor Code sections 221 and

1    224, as set forth below;

2    (h)    Failing to provide all paid sick leave benefits and written notice of paid

3           sick leave or paid time off available to Plaintiff and California Class

4           members in violation of California Labor Code section 246, as set forth

5           below;

6    (i)    Failing to reimburse Plaintiff and California Class members for all

7           business expenses necessarily incurred in violation of California Labor

8           Code section 2802;

9    (j)    Failing to pay the costs of mandatory pre-employment physical

10          examinations in violation of California Labor Code section 222.5, as set

11          forth below; and

12   (k)    Failing to provide written notice of information material to other class

13          members' employment with Defendants in violation of Labor Code

14          section 2810.5(a)(1)(A)-(C), as set forth below.

15       139.    At all times relevant herein, Labor Code section 204 provides that all wages

16   earned by any person in any employment between the 1st and the 15th days, inclusive, of any

17   calendar month, other than those wages due upon termination of an employee, are due and

18   payable between the 16th and the 26th day of the month during which the labor was

19   performed.

20       140.    At all times relevant herein, Labor Code section 204 provides that all wages

21   earned by any person in any employment between the 16th and the last day, inclusive, of any

22   calendar month, other than those wages due upon termination of an employee, are due and

23   payable between the 1st and the 10th day of the following month.

24       141.    At all times relevant herein, Labor Code section 204 provides that all wages

25   earned for labor in excess of the normal work period shall be paid no later than the payday for

26   the next regular payroll period. Alternatively, at all times relevant herein, Labor Code section

27   204 provides that the requirements of this section are deemed satisfied by the payment of

28   wages for weekly, biweekly, or semimonthly payroll if the wages are paid not more than

seven (7) calendar days following the close of the payroll period.

142.     During the relevant time period, Defendants willfully failed to pay Plaintiff and California Class members all wages due including, but not limited to, overtime wages and meal and rest period premium wages, within the time periods specified by California Labor Code section 204.

143.     At all times relevant herein set forth, California Labor Code section 221 provides that it is unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee. California Labor Code section 224 also provides in pertinent part that it is lawful to withhold a portion of the employee's wages if "a deduction is expressly authorized in writing by the employee."

144.     During the relevant time period, Defendants unlawfully deducted a portion of wages previously paid to Plaintiff and California Class members in violation of California Labor Code section 221.  Defendants periodically, and on a company-wide basis, deducted wages from Plaintiff's and California Class members' paychecks for uniforms that were provided to store employees. Plaintiff and class members had approximately $5 or more deducted by Defendants from their paychecks for each uniform item, which amounted to a deduction in their wages. Specifically, Plaintiff had at least $70 deducted by Defendants from his paychecks during his employment. Such deductions were not expressly authorized in writing by Plaintiff and class members. Thus, Defendants' policy of deducting the cost of shoes from Plaintiff and California Class members' wages constitutes an unlawful deduction of wages in violation of California Labor Code sections 221 and 224.

145.     At all relevant times herein set forth, California Labor Code sections 245.5, 246, 246.5, 247, 247.5, 248.5, and 249 provide employees who have worked in California for 30 or more days from the commencement of employment with paid sick days, to be accrued at least one hour for every 30 hours worked. Pursuant to California Labor Code section 246(b)(4), employers must provide no less than 24 hours or three (3) days of paid sick leave (or equivalent paid leave or paid time off) in each year of the employee's employment. Further, section 246(h) provides that an employer must provide an employee with written

notice that sets forth the amount of paid sick leave available, or paid time off that an employer provides in lieu of sick leave, for use on either the employee's itemized wage statement or in a separate written statement provided on the designated pay date with the employee's wages. The penalties described in this article for a violation of this subdivision shall be in lieu of the penalties for a violation of Section 226.

146.     During the relevant time period, Defendants systematically failed to provide Plaintiff and class members paid sick leave of no less than 24 hours or three (3) days. Specifically, Plaintiff worked in excess of 30 days for Defendants in California and was therefore eligible to receive at least (3) days of paid sick leave. However, Defendants' policy failed to provide all employees, including Plaintiff and California Class members, with any sick leave benefits in violation of section 246(b)(4).

147.     Additionally, Defendants failed to provide Plaintiff and California Class members written notice on wage statements and/or other separate written statements that listed the requisite information set forth in Labor Code section 246(h). Specifically, Defendants' paystubs fail to state Plaintiff's and California Class members paid sick leave balance, in violation of Labor Code section 246(h).

148.     At all relevant times herein, California Labor Code section 222.5 requires employers to pay for the costs a prospective employee incurs for obtaining any pre-employment medical or physical examination taken as a condition of employment.

149.     During the relevant time period, Defendants required that Plaintiff and California Class members undergo a mandatory drug test as a condition of employment, but required them to do so at their own expense.  As stated, upon information and belief, Defendants had a company-wide policy requiring that all pre-hires, including Plaintiff and class members, travel to a medical clinic on their own time and using their own personal vehicles to undergo drug testing and/or physical examinations.  At all times, upon information and belief, Defendants were in control of scheduling the date and time for the drug testing, selecting the provider/facility where the drug testing was to take place, and determining the scope of the physical examination and drug test.  However, Defendants did not compensate

Plaintiff and California Class members for the time they spent traveling to and from drug testing, for the time they spent undergoing drug testing or for the travel expenses they incurred getting to and from the medical clinic.

150.     As stated, Defendants instructed Plaintiff to travel to a medical clinic and/or obtain a drug test and physical examination.  Plaintiff followed Defendants' instructions and traveled 10 to 12 miles roundtrip, and underwent the drug test and physical examination.  Plaintiff spent approximately 60 to 120 minutes at the clinic to obtain the mandatory drug test and physical examination.  Defendants did not compensate Plaintiff for this time or reimburse him for his travel expenses to and from the clinic.

151.     Defendants' company-wide policy and/or practice of not paying for all costs Plaintiff and California Class members incurred obtaining mandatory pre-employment physical examinations is in violation of California Labor Code section 222.5.

152.     California's Wage Theft Prevention Act was enacted to ensure that employers provide employees with basic information material to their employment relationship at the time of hiring, and to ensure that employees are given written and timely notice of any changes to basic information material to their employment. Codified at California Labor Code section 2810.5, the Wage Theft Prevention Act provides that at the time of hiring, an employer must provide written notice to employees containing basic and material payroll information, including, among other things, the rate(s) of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or otherwise, including any rates for overtime, the regular payday designated by the employer, and any allowances claims as part of the minimum wage, including meal or lodging allowances.

153.     Effective January 1, 2015, an employer's written notice pursuant to section 2810.5 must also include a statement that the employee may accrue and use sick leave; has a right to request and use accrued paid sick leave; may not be terminated or retaliated against for using or requesting the use of accrued paid sick leave; and has the right to file a complaint against an employer who retaliates.

154.     During the relevant time period, Defendants failed to provide written notice to

other class members that lists the requisite information set forth in Labor Code section 2810.5(a)(1)(A)-(C) on a company-wide basis.

155.    Defendants' failure to provide other class members with written notice of basic information regarding their employment with Defendants is in violation of Labor Code section 2810.5.

156.    As a result of the violations of California law herein described, Defendants unlawfully gained an unfair advantage over other businesses.  Plaintiff and California Class members have suffered pecuniary loss by Defendants' unlawful business acts and practices alleged herein.

157.    Pursuant to California Business & Professions Code sections 17200 *et seq*., Plaintiff and California Class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this complaint; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and California Class members; an award of attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable laws; and an award of costs.

## ELEVENTH CAUSE OF ACTION

**Violation of California Business & Professions Code §§ 17200, *et seq.* –**

**Unfair Business Practices**

**(On Behalf of Plaintiff and California Class Members Against all Defendants)**

158.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

159.    Defendants are a "person" as defined by California Business & Professions Code sections 17201, as they are corporations, firms, partnerships, joint stock companies and/or associations.

160.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair, and harmful to Plaintiff, California Class members, and to the general public.  Plaintiff has suffered injury in fact and has lost money as a result of Defendants' unfair business practices. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of

1    Code of Civil Procedure section 1021.5.

2        161.    Defendants' activities, namely Defendants' company-wide practice and/or

3    policy of not paying Plaintiff and California Class members all meal and rest period premium

4    wages due to them under Labor Code section 226.7, deprived Plaintiff and California Class

5    members of the compensation guarantee and enhanced enforcement implemented by section

6    226.7.  The statutory remedy provided by section 226.7 is a "'dual-purpose' remedy intended

7    primarily to compensate employees, and secondarily to shape employer conduct. *Safeway, Inc.*

8    *v. Superior Court*, 238 Cal. App. 4th 1138, 1149 (2015). The statutory benefits of section

9    226.7 were guaranteed to Plaintiff and class members as part of their employment with

10   Defendants, and thus Defendants' practice and/or policy of denying these statutory benefits

11   constitutes an unfair business practice in violation of California Business & Professions Code

12   sections 17200, *et seq.* (*Id.*)

13       162.    A violation of California Business & Professions Code sections 17200, *et seq.*

14   may be predicated on any unfair business practice. In the instant case, Defendants' policies

15   and practices have violated the spirit of California's meal and rest break laws and constitute

16   acts against the public policy behind these laws.

17       163.    Pursuant to California Business & Professions Code sections 17200 *et seq.*,

18   Plaintiff and California Class members are entitled to restitution for the class-wide loss of the

19   statutory benefits implemented by section 226.7 withheld and retained by Defendants during a

20   period that commences four years prior to the filing of this complaint; a permanent injunction

21   requiring Defendants to pay all statutory benefits implemented by section 226.7 due to

22   Plaintiff and California Class members; an award of attorneys' fees pursuant to California

23   Code of Civil Procedure section 1021.5 and other applicable laws; and an award of costs.

24                          **REQUEST FOR JURY TRIAL**

25       Plaintiff requests a trial by jury of all issues which may be tried by a jury pursuant to

26   Rule 38 of the Federal Rules of Civil Procedure.

27                           **PRAYER FOR RELIEF**

28       Plaintiff, on behalf of himself and all others similarly situated, prays for relief and

judgment against Defendants, jointly and severally, as follows:

1. For damages, unpaid wages, penalties, injunctive relief, and attorneys' fees in excess of twenty-five thousand dollars ($25,000), exclusive of interest and costs. Plaintiff reserves the right to amend his prayer for relief to seek a different amount.

### Class Certification

2. That this case be certified as a class and collective action;

3. That Plaintiff be appointed as the representative of the Classes;

4. That counsel for Plaintiff be appointed as class counsel.

### As to the First Cause of Action

5. That the Court declare, adjudge, and decree that Defendants wilfully violated the FLSA by failing to pay all wages due to Plaintiff and Collective Action Class members;

6. An order that notice be sent to all Collective Action Class members employed by Defendants in a retail store within three (3) years of the filing of this complaint giving them notice of the opportunity to join this case pursuant to 29 U.S.C. § 216(b);

7. Certification of the Collective Action Class as a collective action;

8. For an award of unpaid wages, including overtime, liquidated damages, and interest due under the FLSA to Plaintiff and Collective Action Class members;

9. For reasonable attorneys' fees and for costs of suit incurred herein pursuant to 29 U.S.C. § 216(b); and

10. For such other and further relief as the Court may deem equitable and appropriate.

### As to the Second Cause of Action

11. That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due to Plaintiff and California Class members;

12. For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

13. For pre-judgment interest on any unpaid overtime compensation commencing

from the date such amounts were due, or as otherwise provided by law;

14. For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code section 1194(a); and

15. For such other and further relief as the Court may deem equitable and appropriate.

**As to the Third Cause of Action**

16. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198 by willfully failing to pay minimum wages to Plaintiff and California Class members;

17. For general unpaid wages and such general and special damages as may be appropriate;

18. For pre-judgment interest on any unpaid compensation from the date such amounts were due, or as otherwise provided by law;

19. For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code section 1194(a);

20. For liquidated damages pursuant to California Labor Code section 1194.2; and

21. For such other and further relief as the Court may deem equitable and appropriate.

**As to the Fourth Cause of Action**

22. That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 226.7, 512(a) and 1198 and applicable IWC Wage Order(s) by willfully failing to provide all meal periods to Plaintiff and California Class members;

23. That the Court make an award to the Plaintiff and California Class members of one (1) hour of pay at each employee's regular rate of pay for each workday that a meal period was not provided;

24. For all actual, consequential, and incidental losses and damages, according to proof;

25. For premiums pursuant to California Labor Code section 226.7(b);

26.     For pre-judgment interest on any unpaid meal period premiums from the date such amounts were due, or as otherwise provided by law; and

27.     For such other and further relief as the Court may deem equitable and appropriate.

**As to the Fifth Cause of Action**

28.     That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 226.7 and 1198 and applicable IWC Wage Orders by willfully failing to provide all rest periods to Plaintiff and California Class members;

29.     That the Court make an award to the Plaintiff and California Class members of one (l) hour of pay at each employee's regular rate of pay for each workday that a rest period was not provided;

30.     For all actual, consequential, and incidental losses and damages, according to proof;

31.     For premiums pursuant to California Labor Code section 226.7(b);

32.     For pre-judgment interest on any unpaid rest period premiums from the date such amounts were due, or as otherwise provided by law; and

33.     For such other and further relief as the Court may deem equitable and appropriate.

**As to the Sixth Cause of Action**

34.     That the Court declare, adjudge and decree that Defendants violated the recordkeeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders as to Plaintiff and California Class members, and willfully failed to provide accurate itemized wage statements thereto;

35.     For all actual, consequential and incidental losses and damages, according to proof;

36.     For injunctive relief pursuant to California Labor Code section 226(h);

37.     For statutory penalties pursuant to California Labor Code section 226(e); and

38.     For such other and further relief as the Court may deem equitable and

1 appropriate.

2 <center>**As to the Seventh Cause of Action**</center>

3 39.     That the Court declare, adjudge and decree that Defendants violated California

4 Labor Code sections 201, 202 and 203 by willfully failing to pay overtime wages, minimum

5 wages, and meal and rest period premiums owed at the time of termination of the employment

6 of Plaintiff and other terminated California Class members;

7 40.     For all actual, consequential and incidental losses and damages, according to

8 proof;

9 41.     For waiting time penalties according to proof pursuant to California Labor

10 Code section 203 for all employees who have left Defendants' employ;

11 42.     For pre-judgment interest on any unpaid wages from the date such amounts

12 were due, or as otherwise provided by law; and

13 43.     For such other and further relief as the Court may deem equitable and

14 appropriate.

15 <center>**As to the Eighth Cause of Action**</center>

16 44.     That the Court declare, adjudge and decree that Defendants violated California

17 Labor Code section 1198 by willfully failing to pay split shift premiums to Plaintiff and

18 California Class members when they returned to work for an additional shift in the same day,

19 after having been clocked out for more than an hour;

20 45.     For all actual, consequential and incidental losses and damages, according to

21 proof;

22 46.     For pre-judgment interest on any unpaid wages from the date such amounts

23 were due, or as otherwise provided by law; and

24 47.     For such other and further relief as the Court may deem equitable and

25 appropriate.

26 <center>**As to the Ninth Cause of Action**</center>

27 48.     That the Court declare, adjudge and decree that Defendants violated California

28 Labor Code section 2802 by willfully failing to reimburse and/or indemnify all business-

related expenses and costs incurred by Plaintiff and California Class members;

49.     For unpaid business-related expenses and such general and special damages as may be appropriate;

50.     For pre-judgment interest on any unpaid business-related expenses from the date such amounts were due, or as otherwise provided by law;

51.     For all actual, consequential and incidental losses and damages, according to proof; and

52.     For such other and further relief as the Court may deem equitable and appropriate.

**As to the Tenth Cause of Action**

53.     That the Court declare, adjudge and decree that Defendants conduct of failing to provide Plaintiff and California Class members all overtime wages due to them, failing to provide all minimum wages due to them, failing to provide all meal and rest periods, failing timely to pay all earned wages during employment, failing to pay all split-shift premiums owed, collecting or receiving wages already paid to them, failing to provide all sick leave benefits and written notice of paid sick leave or paid time off available, failing to reimburse for business-related expenses, failing to pay the costs of mandatory pre-employment physical examinations, and failing to provide written notice of information material to employment, constitutes an unlawful business practice in violation of California Business and Professions Code sections 17200, *et seq*;

54.     For restitution of unpaid wages to Plaintiff and all California Class members and prejudgment interest from the day such amounts were due and payable;

55.     For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code sections 17200 *et seq.*;

56.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5; and

1    57.    For such other and further relief as the Court may deem equitable and

2    appropriate.

3                    **As to the Eleventh Cause of Action**

4    58.    That the Court declare, adjudge and decree that Defendants' conduct of denying

5    Plaintiff and California Class members the statutory benefits guaranteed under section 226.7

6    constitutes an unfair business practice in violation of California Business and Professions

7    Code sections 17200, *et seq.*;

8    59.    For restitution of the statutory benefits under section 226.7 unfairly withheld

9    from Plaintiff and class members and prejudgment interest from the day such amounts were

10   due and payable;

11   60.    For the appointment of a receiver to receive, manage and distribute any and all

12   funds disgorged from Defendants and determined to have been wrongfully acquired by

13   Defendants as a result of violations of California Business & Professions Code sections 17200

14   *et seq.*;

15   61.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to

16   California Code of Civil Procedure section 1021.5; and

17   62.    For such other and further relief as the Court may deem equitable and

18   appropriate.

19   63.    For pre-judgment and post-judgment interest as provided by law; and

20   64.    For such other and further relief as the Court may deem equitable and

21   appropriate.

22   Dated: January 9, 2017                    Respectfully submitted,

23                                             Capstone Law APC

24

25                              By: _Andrew J. Sokolowski_____

26                                  Andrew J. Sokolowski
                                    Jennifer Bagosy
27                                  Suzy E. Lee

28                                  Attorneys for Plaintiff Kureen Cook

Exhibit A

1   Andrew J. Sokolowski (SBN 226685)
    Andrew.Sokolowski@capstonelawyers.com
2   Jennifer Bagosy (SBN 223145)
    Jennifer.Bagosy@capstonelawyers.com
3   Suzy E. Lee (SBN 271120)
    Suzy.Lee@capstonelawyers.com
4   Capstone Law APC
    1875 Century Park East, Suite 1000
5   Los Angeles, California 90067
    Telephone:    (310) 556-4811
6   Facsimile:    (310) 943-0396

7   Attorneys for Plaintiff Kureen Cook

8                   UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11  KUREEN COOK, individually, and on          Case No.:
    behalf of other members of the general
12  public similarly situated,
                                                **PLAINTIFF'S NOTICE OF FILING**
            Plaintiff,                          **CONSENT TO JOIN FORM UNDER THE**
13                                              **FAIR LABOR STANDARDS ACT 29**
        vs.                                     **U.S.C. 216(B)**
14
    RENT-A-CENTER, INC., a Delaware
15  corporation; RENT-A-CENTER WEST,
    INC., a Delaware corporation; RENT-A-
16  CENTER FRANCHISING
    INTERNATIONAL, INC., a Texas
17  corporation; and DOES 1 through 10,
    inclusive,
18
            Defendants.
19

20

21

22

23

24

25

26

27

28

DocuSign Envelope ID: BE0E145E-0F7F-4E45-A381-4C0325097F9A

**CONSENT TO JOIN AS PARTY PLAINTIFF**

1.     I am a former employee of Rent-A-Center, Inc., Rent-A-Center West, Inc., and/or Rent-A-Center Franchising International, Inc. (collectively "Defendants," "Rent-A-Center," or "RAC"). I hereby consent to join as a party plaintiff in the collective action against Rent-A-Center to prosecute claims for overtime wages and liquidated damages under the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b). In the past three years while working as a Customer Accounts Representative and Accounts Manager for Rent-A-Center, there were occasions during which I worked in excess of forty (40) hours in a week without receiving compensation at the legally mandated rate.

2.     I hereby designate Plaintiff's counsel in the above-titled matter to represent me in this collective action, and I also consent and agree, if necessary, to file this claim on behalf of all others similarly situated.

Signed on January ___, 2017     01042017

                                        C19587C3DDD04E6...
                                        Kureen Cook

Dated: January _7_, 2017            Respectfully submitted,

                                        Capstone Law APC

By: _Andrew J. Sokolowski_

                                        Andrew J. Sokolowski
                                        Jennifer Bagosy
                                        Suzy E. Lee

                                        Attorneys for Plaintiff Kureen Cook