UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KUREEN COOK, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RENT-A-CENTER, INC., a Delaware corporation; RENT-A-CENTER WEST, INC., a Delaware corporation; RENT-A-CENTER FRANCHISING INTERNATIONAL INC., a Texas corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | No. 2:17-cv-00048-MCE-EFB<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Kureen Cook ("Plaintiff") alleges a nationwide collective action claim against his former employer, Rent-A-Center ("RAC"),[1] for overtime under the Fair Labor Standards Act ("FLSA"), as well as numerous Rule 23 class action claims under California law for alleged unpaid wages, unpaid overtime, unpaid meal and rest breaks, unreimbursed business expenses, failure to compensate for split shifts, and penalties arising from allegedly non-compliant wage statements under the California Labor Code and California Business and Professions Code.

---

[1] Plaintiff's Complaint names three Rent-A-Center entities as Defendants: Rent-A-Center, Inc., Rent-A Center West, Inc. and Rent-A-Center Franchising International, Inc. All three entities will be collectively referred to as RAC in this Memorandum and Order unless otherwise noted.

1

RAC now moves to dismiss Plaintiff's individual claims on grounds that under the terms of an arbitration agreement reached with Plaintiff, Plaintiff agreed to arbitrate all "past, present and future" disputes with RAC, including all claims for "wages and other compensation due" and any statutory claims (the "Arbitration Agreement" or "Agreement"). RAC further moves to strike Plaintiff's collective and class action claims on grounds that the Arbitration Agreement precludes such claims. Finally, and in the alternative, since resolution of a case currently pending before the United States Supreme Court may be dispositive of much of Plaintiff's action in any event, RAC asks the Court to stay the entire action if it is disinclined to simply enforce the terms of the Arbitration Agreement.

As set forth below, the Court finds it appropriate to stay this action pending further guidance from the Supreme Court. To the extent RAC's motion requests a stay of these proceedings, then, the motion is GRANTED. Given the stay that is hereby imposed, the Court declines to address RAC's motion to the extent it requests the striking of certain matters and/or dismissal of the case. That portion of RAC's motion is therefore DENIED without prejudice to the refiling of the motion at such time as the Court's stay of the case is lifted.[2]

### BACKGROUND

On or about July 30, 2013, at the inception of his employment with RAC, Plaintiff executed the Arbitration Agreement that is the subject of this motion. Declaration of Marc Tuckey ("Tuckey Decl."), Ex. 1. That Agreement contains the following provision requiring that all claims asserted by Plaintiff against RAC be arbitrated:

> The Company and I mutually consent to the resolution by arbitration of all claims or controversies ("claims"), past, present or future, including without limitation, claims arising out of my application for employment,

---

[2] Having determined that oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs in accordance with E.D. Cal. Local Rule 230(g).

2

> assignment/employment, and/or the termination of my assignment/employment that the Company may have against any of the following: (1) the Company, . . . (3) the Company's parent, subsidiary, and affiliated entities.[3]
>
> * * * * * *
>
> . . . The claims covered by this Agreement include, but are not limited to : . . . claims for wages or other compensation due . . . and claims for violation of any federal, state or other governmental law, statute, regulation, or ordinance . . .

Id. at Ex. 1, p. 1

Plaintiff worked as an hourly-paid, non-exempt, Customer Accounts Representative and Accounts Manager for RAC at various locations between July of 2013 and April of 2016. Pl.'s Compl., ¶ 6. After his employment with RAC ended, Plaintiff instituted the present lawsuit in this Court despite the above-enumerated arbitration provisions.

As indicated above, in addition to individual claims, Plaintiff also asserts collective and class action claims on behalf of other similarly situated individuals. The Arbitration Agreement, however, purports to expressly preclude such claims, stating as follows:

**Class Action Waiver**

> There will be no right or authority for any dispute to be brought, heard, or arbitrated as a class action and/or as a collective action ("Class Action Waiver"). Nor shall the Arbitrator have any authority to hear or arbitrate any such dispute.

Id. at Ex. 1, p. 2.

Given this provision of the Arbitration Agreement, RAC 1) moves to dismiss Plaintiff's individual claims as being brought by this lawsuit in contravention of the Arbitration Agreement; 2) moves to strike Plaintiff's collective and class action allegations on grounds they are precluded by the Class Action Waiver; and 3) moves to compel arbitration as to Plaintiff's individual claims, only.

---

[3] Rent-A-Center, Inc. is the parent company of Rent-A-Center West, Inc. Both companies do business as "Rent-A-Center". Rent-A-Center Franchising International. Inc. is an affiliate of Rent-A-Center, Inc. See Tuckey Decl., ¶ 4. The Arbitration Agreement defines "Company" to include both Rent-A-Center-Inc. and "all parent, subsidiary, partners, divisions, and affiliated entities . . . " Id. at Ex. 1, p. 1.

With respect to the Class Action Waiver, however, RAC recognizes that in Morris v. Ernst & Young, 834 F.3d 975, 984 (9th Cir. 2016), the Ninth Circuit held that class action waivers are unlawful if made a mandatory condition of employment. There appears to be no dispute that Plaintiff's execution of the Arbitration Agreement, and the Class Action Waiver it contained, were indeed a mandatory condition of his employment.

Despite recognizing that Morris is controlling law in this Circuit, RAC nonetheless alleges that Morris was wrongly decided. In support of its position, RAC points to the fact that on January 13, 2017, the United States Supreme Court granted petitions for certiorari in both Morris and in two related decisions from the Seventh and Fifth Circuits, all of which address the enforceability of class action waivers. Ernst & Young LLP v. Morris, 137 S. Ct. 809 (Jan. 13, 2017). While the Seventh Circuit case, Lewis v. Epic Systems Corp., 823 F.3d 1147 (7th Cir. 2016), agreed with Morris, the Fifth Circuit's decision in Murphy Oil USA, Inc. v. N.L.R.B., 808 F.3d 1013 (5th Cir. 2015) did not, and other cases decided by the Fifth, Eighth, and Second Circuits are in accord with Murphy. See, e.g., D.R. Horton, Inc. v. N.L.R.B., 737 F.3d 344 (5th Cir. 2013); Cellular Sales of Missouri, LLC v. N.L.R.B., 824 F.3d 772 (8th Cir. 2016); and Sutherland v. Ernst & Young LLP, 726 F.3d 290 (2d Cir. 2013). Consequently, it would appear that by taking the issue, the Supreme Court's intention is to resolve the circuit split that has developed.

Given the uncertainty with respect to whether class action waivers are enforceable, as an alternative to addressing this case on its merits RAC urges the Court to stay this entire action pending direction from the Supreme Court. Because the Court concludes that a stay is indicated under the circumstances, the analysis below focuses on the propriety of a stay.

///
///
///
///
///

4

**STANDARD**

Staying proceedings in the interest of judicial economy is a matter within the Court's inherent power to control the disposition of cases on its docket with a view towards economy of time. Landis v. North Am. Co., 299 U.S. 248, 254 (1936); Fernandez v. Obesity Research Inst., LLC., 2013 WL 4587005 at *6 (E.D. Cal. Aug. 28, 2013). In determining the propriety of such a stay, courts look to issues of judicial economy and the prejudice to either party that may result if the stay is granted or denied. CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962). Whether to issue a stay in this regard is a decision necessarily relegated to the court's discretion. Nken v. Holder, 556 U.S. 418, 433-34 (2009).

Staying a case is appropriate where an imminent decision of the Supreme Court will control and resolve issues presented in the action pending before this Court. See Roman v. Northrop Grumman Corp., 2016 U.S. Dist. LEXIS 173022 at *7-8 (C.D. Cal. Dec. 14, 2016) (court grants defendant's opposed motion to stay proceedings on motion to compel individual arbitration of class claims pending resolution by the Supreme Court of Morris, supra); see also U.S. v. Deleon, 2016 U.S. Dist. LEXIS 99675, at *6-7 (E.D. Cal. Jul. 29, 2016).

**ANALYSIS**

As indicated above, RAC urges the Court to dismiss Plaintiff's individual claims given his agreement to arbitrate those claims pursuant to the Arbitration Agreement, to strike Plaintiff's collective and class action allegations given the Class Action Waiver contained in the Agreement, and to compel arbitration in accordance with the Arbitration Agreement. In the alternative, however, RAC recognizes that the competing interests of the parties and the Court may well justify staying these proceedings pending the Supreme Court's decision in Morris. In that case, the Ninth Circuit held that employers

5

may not require waiver of an employee's right to bring class or collective action by way of an arbitration agreement presented as a condition of employment, on grounds that such waivers interfere with an employee's right under the National Labor Relation Act to engage in concerted activity.  Therefore, the Ninth Circuit found class/collective action waivers to be unenforceable.  As indicated above, on January 13, 2017, the Supreme Court granted certiorari as to <u>Morris</u> and the Fifth Circuit's decision, <u>Murphy Oil USA, Inc. v. N.L.R.B.</u>, 808 F.3d 1013 (5th Cir. 2015) which came to just the opposite conclusion. According to the parties, a decision from the Supreme Court is expected in early 2018. As already indicated, it is within this Court's inherent power to stay an action where an imminent decision by the Supreme Court will be dispositive of issues pending in a case before it.  <u>See</u> <u>Roman v. Northrop Grumman Corp.</u>, 2016 U.S. Dist. LEXIS 173022, at *7-8.

       The Court agrees that a stay is compelling under the circumstances of this case. Despite Plaintiff's individual claims, the gravamen of his lawsuit would appear to rest with the viability of his collective and class action allegations.  If the Supreme Court agrees with the Fifth, Eighth, and Second Circuit decisions holding that class action waivers are enforceable, and disagrees with the contrary position taken by the Ninth Circuit in <u>Morris</u>, the collective and class action claims here will fail.  As a practical matter, that determination could well be dispositive of Plaintiff's entire lawsuit.

       Requiring the parties to go forward with litigation given the uncertainty in this regard would waste the time and resources of both the parties and the Court.  Engaging in collective and class action discovery, not to mention handling disputes over conditional certification, potential class members, and the merits of the collective/class action allegations themselves, will require substantial effort on the part of all concerned, efforts that may well be unnecessary depending on the Supreme Court's ultimate decision in <u>Morris</u>.  Additionally, by forcing RAC to litigate this matter while the class waiver issue is pending before the Supreme Court, would effectively deprive RAC of its right under the Federal Arbitration Act to enforce its Arbitration Agreement as written.

Moreover, since a decision from the Supreme Court in this matter is anticipated by sometime early next year, a stay to accommodate that decision would not be open-ended and will likely be relatively short. Finally, particularly given the savings of time and money that will result in refraining from litigation that may not be necessary depending on the Supreme Court's findings, it appears there will be no prejudice to either party. While Plaintiff argues that it would be prejudiced by an indefinite stay, that circumstance is not present here since it appears likely that a decision will be forthcoming by early 2018.

Consequently, after considering the factors for and against a stay of these proceedings, the Court finds a stay to be proper at this time.

## CONCLUSION

For all the foregoing reasons, the Court will stay this lawsuit until such time as the Supreme Court issues its decision in Ernst & Young LLP v. Morris, 137 S. Ct. 809 (Jan. 13, 2017). The parties are directed to notify the Court in writing not more than fourteen (14) days after that decision has been reached.

Defendant's Motion (ECF No. 7) is consequently GRANTED to the extent it requests the above-referenced stay. Given the Court's decision to stay this matter, however, the remaining portions of said Motion, which ask the Court to dismiss and/or strike portions of the proceedings, are DENIED without prejudice to refiling once the stay in this case has been lifted.

IT IS SO ORDERED.

Dated: September 25, 2017

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE